419 P.2d 209

**Anna Irene HAMMOND, Widow of Deceased Robert L. Hammond, and Natural Guardian of Christina Eileen Hammond, Dependent of Deceased, Claimant-Respondent,**

v.

**KOOTENAI COUNTY, State of Idaho, Employer, and State Insurance Fund, Surety, Defendants-Appellants.**

No. 9741.

Supreme Court of Idaho.

Oct. 3, 1966.

Rehearing Denied Nov. 7, 1966.

Coughlan & Imhoff, Boise, for appellants.

William S. Hawkins and Paul D. McCabe, Coeur d'Alene, for respondent.

TAYLOR, Justice.

Decedent, Robert L. Hammond, was at the time of his death on August 17, 1964, a deputy sheriff of Kootenai county, forty-five years of age. For a number of years prior thereto he had been treated by his doctor for progressive hypertensive cardiovascular disease. His hours of employment were normally from 5:00 p. m. until 1:00 a. m. During the two weeks preceding death he had been working longer hours than usual, and his widow testified he was tired and tense from his work and the long hours.

About 11:00 p. m. on August 16, 1964, deceased drove to Hauser Lake where he assisted in the investigation of a burglary and visited with the village marshal. He then drove to the Rainbow Inn for coffee and was followed by the marshal in another car. While enroute they came upon the scene of an accident. There was a car off the road a few feet down a steep embankment. An injured man was lying beside the road. Deceased and the marshal stopped their cars and decedent took charge of the accident situation. He directed the marshal to set out flares, and himself went down the bank to the car to ascertain whether another injured person might be therein. He then came back to his own car and using his car radio called for an ambulance and assistance from the state police. While talking on the radio his speech became garbled. State policeman Wright, who arrived on the scene within five to ten minutes found deceased in his car unconscious, still clutching the transmitter through which he had just been talking. Deceased was taken to a hospital where he died the next day without regaining consciousness.

Dr. W. Paul Shrum, who had been Hammond's family physician from 1955 to the time of his death, and who attended him at the hospital, testified that Hammond's basic ailment was "hypertensive cardiovascular disease, or essential hypertension with atherosclerosis," for which he had been treated for a period of approximately nine years; that the immediate cause of death

was a "cerebral vascular accident" or "stroke." "The man suffered either a rupture or an occlusion of a major vessel within the brain." Dr. Shrum also testified that in his opinion the physical and emotional strain involved in Hammond's activities at the scene of the accident, and in going down and back up the embankment would increase his blood pressure and dispose him to thrombosis or rupture of a blood vessel; that in his condition Hammond should not have been doing what he was at that time doing; that his activity "could have been a precipitating cause—and probably was a precipitating cause"; and that stress and strain, physical and mental, by one in Hammond's condition "are contributing factors * * * which may very well precipitate an acute vascular situation."

Dr. George H. Anderson, an internist, testifying in response to a hypothetical statement of the facts, gave as his opinion that Hammond's activities, immediately prior to his collapse, had no causal connection with his death. On cross-examination he agreed that physical and emotional stress could increase blood pressure and could be a precipitating factor in a stroke, to a person with weakened blood vessels or high blood pressure. However, he adhered to his opinion on the basis of medical probability in Hammond's case. Dr. Anderson had not known, treated or examined Hammond, and agreed that a personal examination of a patient would enhance a physician's chance for greater accuracy in diagnosis. In Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723 (1943), this court said more weight should be given to the testimony of an expert who testifies from firsthand knowledge, than to the testimony of one whose knowledge is based upon hypothetical facts.

The board found that Hammond's diseased condition was the major cause of his death; that the circumstances, surrounding his collapse while engaged in the performance of his duties, are properly to be regarded as an accident within the compensation law, and that as a matter of medical probability such accident was a contributing cause which precipitated his death. The board then determined that deceased's preexisting condition contributed to his death to the extent of two-thirds of the causes thereof, and apportioned the causes of death, two-thirds to decedent's preexisting condition, and one-third to the accident which precipitated death, and awarded death benefits to claimant for one-third of the statutory maximum. I.C. § 72–323, as amended Session Laws 1963, ch. 277. The employer and surety brought this appeal from the award.

The controlling issue presented is the sufficiency of the evidence to support the board's finding; that decedent had suffered an accident which precipitated or caused his death. In I.C. § 72–201, "accident" is defined as follows:

"'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law."

In the case of Pinson v. Minidoka Highway District, 61 Idaho 731, 738, 106 P.2d 1020, 1023 (1940), the deceased, after straining to pull a stuck jackhammer drill from a hole, suffered a cerebral hemorrhage. The court held the incident to be an accident, saying:

"To constitute an 'accident' it is not necessary that the workman slip or fall or that the machinery fail. An 'accident' occurs in doing what the workman habitually does if any unexpected, undesigned, unlooked-for or untoward event or mishap, connected with or growing out of the employment, takes place."

The board's finding that decedent suffered an accident arising out of and in the course of his employment, is supported by the evidence in this case. The finding of an accident in similar factual situations has been upheld by this court in the following cases: Whipple v. Brundage, 80 Idaho 193,

327 P.2d 383 (1958); Laird v. State Highway Department, 80 Idaho 12, 323 P.2d 1079 (1958); Miller v. Bingham County, 79 Idaho 87, 310 P.2d 1089 (1957); Lewis v. Department of Law Enforcement, 79 Idaho 40, 311 P.2d 976 (1957); In re Smith, 72 Idaho 8, 236 P.2d 87 (1951); Teater v. Dairymen's Coop. Creamery, 68 Idaho 152, 190 P.2d 687 (1948); Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723 (1943).

Sutton v. Brown's Tie & Lumber Co., 82 Idaho 135, 350 P.2d 345 (1960), is not in point here. In that case, although the decedent collapsed while working and died about two hours later, the board did not make a finding as to whether he had suffered an accident. The case was sent back to the board for a finding on that issue.

Award affirmed.

Costs to respondent.

McFADDEN, C. J., McQUADE, J., and FELTON and TOWLES, District Judges, concur.