565 P.2d 583

### Roy W. BESLANWITCH, Claimant-Appellant,

v.

### VALLEY DODGE CENTER, INC., Employer, and Allstate Insurance Company, Surety, Defendants-Respondents.

### No. 12175.

Supreme Court of Idaho.

June 21, 1977.

G. Michael Lee, Matthews, Lee & Wilson, Boise, for claimant-appellant.

John W. Barrett, Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

PER CURIAM:

During the evening of August 15, 1973, claimant-appellant Roy Beslanwitch suffered a heart attack which he contends was caused by emotional and physical stress resulting from his employment. During the five and one-half months period immediately preceding his heart attack, appellant had been employed as office manager, business manager, and secretary-treasurer by defendant-respondent Valley Dodge Center, Inc. During that period Valley Dodge was in a state of change and uncertainty caused by lack of profits due to the energy crisis and by a turnover of personnel. As a result appellant customarily worked long hours (from 6:00 or 7:00 a.m. until 10:00 or 12:00 p.m.). Appellant was particularly busy during the first part of August in order to meet the August 10 deadline for a report which was to be sent to the owners of Valley Dodge. On August 5 or 6 appellant began experiencing chest pain and numbness. He was examined by a cardiologist who prescribed rest and medication. The chest pains continued, however, and on August 14 appellant was examined by another cardiologist who recommended that appellant enter the hospital for further tests. Appellant declined to do so at that time because there was some work he desired to finish. Later that evening he suffered a heart attack.

Appellant's claim for workmen's compensation benefits was denied by the Industrial Commission. After finding no unusual, employment-related factors on August 15 which could be identified as precipitating the heart attack, the Commission concluded that appellant's heart attack was not work related. Rather, it was the result of the normal progression of appellant's coronary artery disease. On appeal, appellant argues that a claimant is not required to show the occurrence on the day of the heart attack of unusual, employment-related factors before he can recover workmen's compensation benefits.

It is undisputed that appellant was suffering from coronary artery disease prior to his heart attack. The medical testimony shows that coronary artery disease is a degenerative aging process of the arterial wall which normally develops over a period of time. The gradual narrowing of the arteries can continue until an artery is completely blocked, causing a heart attack. Appellant also smoked heavily, was overweight, and failed to exercise regularly—all factors associated with a greater risk of heart attack. There was testimony that appellant could have been experiencing emotional stress as a result of a recent change in his domestic situation. Thus, the record contains evidence of several possible causes of appellant's heart attack. In addition, there was medical testimony that the present state of medical knowledge does not permit the determination of the precise cause of a heart attack.

Appellant had the burden of proving that his heart attack was caused by employment-related stress. *Kern v. Shark,* 94 Idaho 69, 480 P.2d 915 (1971). After considering the evidence, the Commission decided that appellant's heart attack resulted from his coronary artery disease rather than from his employment. In reaching that decision, the Commission thought it significant that appellant could point to no unusual, employment-related factor which occurred at the time of his heart attack and which could be identified as causing it. After reviewing the record, we cannot say that the Commission's finding as to the cause of appellant's heart attack is so unreasonable as to be erroneous as a matter of law.

Accordingly, the order of the Industrial Commission denying appellant's claim for workmen's compensation benefits is affirmed.

Costs to respondent.