619 P.2d 1152

Geneva REIFSTECK,
Claimant–Appellant,

v.

LANTERN MOTEL & CAFE, Employer, and General Insurance Company of America, Surety,

and

State of Idaho, Industrial Special Indemnity Fund, Defendants–Respondents.

No. 13246.

Supreme Court of Idaho.

Dec. 4, 1980.

Peter B. Wilson of Wilson & Walter, Bonners Ferry, for claimant–appellant.

Samuel Eismann of Miller, Knudson & Eismann, Coeur d'Alene, for employer and surety.

Thomas A. Mitchell, Coeur d'Alene, for defendants–respondents.

KRAMER, Justice Pro Tem.

Claimant–Appellant Geneva Reifsteck appeals from the decision of the Industrial Commission that she has sustained only a 15% permanent partial disability, as a result of an accident, rather than a 100% permanent disability. The major issue presented on appeal is whether the Commission erred in not finding that appellant falls within the "odd–lot" category, thereby making her eligible for total permanent disability compensation.

Appellant, while in the course of her employment as a maid at the Lantern Motel and Cafe in Bonners Ferry, Idaho, suffered a back sprain while lifting a heavy mop bucket to a sink. She is 56 years old and married to a totally disabled man. Appellant has only a seventh grade education. She has resided in Bonners Ferry for 13 years.

Appellant's employment history consists of being a nurses aide, a sewing machine operator, and a cook. The economy of the Bonners Ferry area is primarily agricultural, logging, and forestry work. The community itself offers mainly supportive services such as retail sales and city and county services. Appellant maintains that she could only do sedentary–type work for which she is untrained, and that no such employment is regularly and continuously available in Bonners Ferry.

Medical testimony, which was conflicting, indicated that Reifsteck's injury consisted of a minor back strain which should have resolved itself within ten to twelve weeks, and that any continuing disability was due to aggravation of a previous condition of spondylolisthesis and other medical problems not related to the industrial accident. The medical testimony further revealed that her condition had stabilized. Two doctors submitted ratings, one at 2% and one at 15% disability.

■ Appellant argues that her situation falls within the "odd–lot" category of workmen's compensation cases. *See* 2 A. Larson, The Law of Workmen's Compensation § 57–51 (1976) [hereinafter cited as Larson]. "Odd–lot" workers are employees who are so injured that they can "perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist . . ." *Arnold v. Splendid Bakery*, 88 Idaho 455, 463, 401 P.2d 271, 276 (1965).

Idaho recognized this "odd–lot" category in *Lyons v. Industrial Special Indemnity*

*Fund,* 98 Idaho 403, 565 P.2d 1360. In *Lyons,* a 48 Year old man who suffered a back injury amounting to partial permanent disability, and whose entire labor history consisted of nothing but heavy manual labor, sought a finding from the Industrial Commission that he was totally and permanently disabled. The Commission instead found that since his most recent injury was not totally disabling, and since earlier injuries had not been disabling in the past, Lyons was not totally and permanently disabled.

■ The Court rejected this piecemeal evaluation of appellant's injuries and instructed the Commission to evaluate appellant's ability to find employment in the future after considering all physical impairments plus non–medical factors such as age, sex, education, economic and social environment, training, and useable skills. I.C. § 72–425. The Court also found that the Commission did not adequately consider the effect of these non–medical factors. In discussing the "odd–lot" theory, the Court stated it was not necessary that a person be unable to do anything worthy of compensation to be classified as totally disabled. If they are so "handicapped that they will not be employed regularly in any well–known branch of the labor market–absent a business boom, the sympathy of a particular employer or friends, temporary good luck, or a superhuman effort on their part," then they may yet be classified as totally disabled. If the evidence of medical and non–medical factors before the Commission prima facie places them in the "odd–lot" category, the burden is then on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. *Lyons, supra* at 406, 565 P.2d at 1363; *Employers Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission,* 25 Ariz.App. 117, 541 P.2d 580 (1975); *Hill v. U. S. Plywood–Champion Co.,* 12 Or.App. 1, 503 P.2d 728 (1972); *Brown v. Safeway Stores, Inc.,* 82 N.M. 424, 483 P.2d 305 (1970); *Transport Indemnity Co. v. Industrial Accident Commission,* 157 Cal. App.2d 542, 321 P.2d 21 (1958); Larson, *supra* § 57.61. Further, the employer must show "there is an actual job within a reasonable distance from appellant's home which he is able to perform or for which he can be trained." *Lyons, supra* 98 Idaho at 407, 565 P.2d at 1364. Also, the employer must show that the injured worker has a reasonable opportunity to be employed at that job. *Id.*

■ The determination of whether or not the appellant falls within the "odd–lot" classification is a factual one. Such a determination of fact by the Commission can be set aside only if not based on substantial competent evidence. *See Gradwohl v. J. R. Simplot Co.,* 96 Idaho 655, 534 P.2d 775 (1975); I.C. §§ 72–724, 72–732; Id. Const. art. 5 § 9.

■ On appeal, it appears there was substantial though conflicting evidence, both of appellant's ability to work and the availability of work, before the Commission. There was testimony from a Dr. Slaughter that appellant could work for a full day at a time in a sedentary–type job. There was testimony from a Ray Walker, manager of the local Job Service Office of the Department of Employment for the State of Idaho, that the Bonners Ferry area is a healthy labor market, considered good for female workers, and that there are sedentary jobs with training available as turnover creates them within the labor market. Accordingly, the Industrial Commission did not err in its finding of fact which precluded the application of the "odd–lot" classification. There was substantial competent evidence to support the findings and as a matter of law they support the Commission's award.

The claimant–appellant also appeals from the rejection of her proffered Exhibit # 6. This exhibit was a letter signed by John Robertson, rehabilitation specialist of the State of Idaho Vocational Rehabilitation Service concluding that there was no reasonable basis to believe Mrs. Reifsteck

would be fit to engage in remunerative occupation if she did not receive vocational rehabilitation service. Appellant contends that since the Commission may enter into cooperative arrangements with the State Board of Vocational Education, I.C. § 72–517 and I.C. § 33–2304, it should take judicial notice of the letter, pursuant to I.C. § 9–101(3).

This Court finds substantial competent evidence to support the findings and award of the Commission. Therefore, the question of whether the letter should have been admitted into evidence is moot.

The decision of the Industrial Commission is affirmed. No costs allowed.

DONALDSON, C. J., and SHEPARD, BAKES and McFADDEN, JJ., concur.