621 P.2d 397

**Clarence C. GEORGE,
Claimant–Appellant,**

v.

**AMERICAN SMELTING & REFINING
COMPANY, Employer,
Defendant–Respondent.**

**No. 13398.**

Supreme Court of Idaho.

Dec. 5, 1980.

Rehearing Denied Jan. 23, 1981.

Stephen B. McCrea, Coeur d'Alene, for claimant–appellant.

Piatt Hull, Wallace, for defendant–respondent.

DONALDSON, Chief Justice.

Claimant–appellant Clarence C. George (George) appeals the Industrial Commission's (Commission) denial of his claim for partial permanent disability. Specifically, his appeal challenges the Commission's finding that he had not proven that his current condition was caused by injuries which he sustained in accidents on August 17, 1977, and October 24, 1977, while employed by defendant–respondent American Smelting & Refining Company (ASARCO).

On August 17, 1977, George was injured while tightening a chain binder on a flatbed truck when the binder snapped and jarred his left shoulder, arm and neck. After George reported the injury to his supervisor and was examined by a doctor, he returned to work. On October 24, 1977, he reinjured his left shoulder, arm and neck while changing a dual tire on a flatbed truck.

George filed an application requesting a hearing before the Commission. ASARCO's answer included check marks on a form that indicated it admitted "[t]hat the personal injury was caused by an accident arising out of and in the course of the applicant's employment." Other checks indicated that ASARCO denied "[t]hat applicant was temporarily disabled for the period he claims" and "[t]hat applicant was permanently disabled to the extent he claims." Furthermore, ASARCO alleged that:

"Mr. George suffered a minor injury for which he was accorded extensive medical diagnostic service all of which failed to reveal any abnormality or cause for his alleged disability."

"Claimant was paid total temporary compensation from October 25, 1977 to July 3, 1978 except for the period December 12, 1977 to December 15, 1977 when he was released and worked. [ASARCO] does not admit that claimant was totally disabled for this period of time and denies that claimant is suffering any permanent partial disability."

George was examined by at least five different doctors following his 1977 accidents. Neither Dr. Lynch, a neurologist, nor Dr. Copsey, a neurologist, found any objective basis for George's complaints. Dr. Bagby, an orthopedic surgeon hired by George, felt that George probably suffered from a cervical disc syndrome which is usually the result of a degenerative process. Dr. Bagby agreed with the other doctors that there were no neurological deficits. Because of the very few objective findings of the medical evaluations, none of the doctors were able to state with probability the cause of the claimant's complaints. Although no objective basis for George's complaints were found, none of the doctors denied that his pain exists.

The record indicates that the claimant received medical treatment in 1974 for upper back and left shoulder pain. At that time, x–rays indicated some evidence of osteoarthritis in the cervical spine. Additionally, in 1975, claimant received further treatment for generalized pain and arthritis of the upper back and left shoulder.

After the Commission denied George's claim for partial permanent disability, he filed a motion for reconsideration on the grounds that ASARCO's answer to his application for hearing admitted as a matter of law that his current complaints are the result of the injuries he suffered in his 1977 accidents. The Commission denied his motion and he raises the same issue on appeal. Based on this contention, George argues that causation is not at issue. Rather, he alleges that the only issue is what is the extent of his disability.

The scope of our review in workmen's compensation cases is established both by the Idaho Constitution, art. 5, § 9, and by statute, I.C. §§ 72–724, 72–732. This Court only has the authority to reverse a decision of the Commission when its decisions are unsupported by "any substantial competent evidence," I.C. § 72–732(1), or are not supportable as a matter of law, Idaho Constitution, art. 5, § 9; *Sykes v. C. P. Clare & Co.*, 100 Idaho 761, 605 P.2d 939, (1980).

This Court has made it clear that a workmen's compensation claimant has the burden of proving that an injury from an accident arising out of and in the course of his employment was the probable cause or a probable contributing cause of his compensable disability. *Dean v. Dravo Corporation*, 95 Idaho 558, 511 P.2d 1334 (1973). This Court has also recognized that statements made by the defendant in his answer to a petition for a hearing before the Commission are binding upon him. *McCoy v. Sunshine Mining Company*, 97 Idaho 675, 551 P.2d 630, (1976).

In the case at bar, the Commission's holding recognized that ASARCO's answer admitted a probable cause and effect connection between the accidents and the "minor injury" but held that it effectively denied any probable cause and effect connection between the accidents and George's current complaints. The Commission further held that "claimant's current complaints, which he alleged to be totally disabling, are not the result of the accidents...." We agree. ASARCO's answer clearly limits its admission to a "minor injury" for which George has already received compensation by specifically denying that George was disabled to the extent that he claims. There is substantial competent evidence in the record supporting the Commission's finding that George's current complaints are not the result of his 1977 ASARCO accidents.

Since claimant has failed to establish a cause and effect connection between his current complaints and the 1977 accidents, it is unnecessary for this Court to review his contention regarding his odd–lot status.

The decision of the Industrial Commission is affirmed. Costs to respondent.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.