636 P.2d 175

Jerome F. BUSH, Claimant-Appellant,

v.

BONNERS FERRY SCHOOL DISTRICT # 101, Employer, and State Insurance Fund, Surety,

and

State of Idaho, Industrial Special Indemnity Fund, Defendants-Respondents.

No. 13238.

Supreme Court of Idaho.

Oct. 30, 1981.

Nicholas M. Lamanna, Priest River, James F. Lyons, Bonners Ferry, for appellant.

Philip E. Dolan, Coeur d'Alene, Max M. Sheils, Jr., Boise, for appellee.

SHEPARD, Justice.

This is an appeal from an order of the Industrial Commission which denied appellant's claim for workmen's compensation benefits. We affirm.

The facts are essentially undisputed. Claimant-appellant Bush had been employed by respondent School District in a janitorial capacity since August, 1976. In April and May of 1977, he experienced three separate incidents of chest, neck, shoulder, arm and jaw pain. The first incident occurred while he was assisting in the lifting of a heavy piano, the second while he was attempting to fold and carry heavy canvas tarpaulins, and the third while he was merely walking up a long incline. Thereafter he consulted Dr. Reisig, a specialist in cardiology, who diagnosed his condition as coronary artery disease. Cardiac catheterization indicated multiple obstructions in all major branches of the coronary vessels and a four vessel coronary vein bypass was performed on May 16, 1977.

Bush applied for workmen's compensation benefits and following a hearing thereon benefits were denied. The Commission found that Bush suffered from coronary artery disease and that such condition preexisted the three instances of exertion. The Commission found that there was no evidence submitted that the exertion caused violence to the physical structure of claimant's body or that the exertion permanently aggravated the pre-existing arteriosclerotic condition. It concluded that Bush's angina (chest pain) was caused by insufficient blood circulation to the heart and was a manifestation of his pre-existing arteriosclerotic condition. The Commission held that a compensation claimant could not receive benefits absent proof that he has sustained personal injury as defined by I.C. § 72–102(14)(c), i.e., an injury caused by an accident which results in violence to the physical structure of the body, or absent proof that a job related accident has permanently aggravated a pre-existing condition. It held that Bush had failed to establish a compensable industrial accident in that he did not establish that his job responsibilities caused any myocardial infarctions or vascular obstructions, which therefore failed to prove violence to his physical structure, and further held that Bush had failed to prove that the exertion permanently aggravated the diseased condition, i.e., the coronary artery disease. On appeal Bush contends that the evidence established both that he suffered violence to the physical structure of his body and that his diseased condition was aggravated by the three instances of exertion.

An employee is entitled to compensation when he receives personal injuries caused by an accident arising out of and in the course of employment covered by the workmen's compensation laws. Personal injury is defined as "an injury caused by an accident, which results in violence to the physical structure of the body. . . ." I.C. § 72–102(14)(c). It is also generally accepted that compensation is recoverable where the work of an employee causes an accident which aggravates or accelerates a previous diseased condition of the worker. See, e. g., Bowman v. Twin Falls Construction Company, 99 Idaho 312, 581 P.2d 770 (1978); Lewis v. Department of Law Enforcement, 79 Idaho 40, 311 P.2d 976 (1957); Teater v. Dairymen's Cooperative Creamery, 68 Idaho 152, 190 P.2d 687 (1948); Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723 (1943); Woodbury v. Arata Fruit Company, 64 Idaho 227, 130 P.2d 870 (1942); Hamlin v. University of Idaho, 61 Idaho 570, 104 P.2d 625 (1940). See also I.C. § 72–332(1).

In each instance the burden is upon the claimant to prove by a reasonable degree of medical probability that he has suffered a compensable industrial accident. Bowman v. Twin Falls Construction Company, supra. See also George v. American Smelting & Refining Co., 101 Idaho 781, 621 P.2d 397 (1980); Beslanwitch v. Valley Dodge Center, Inc., 98 Idaho 390, 565 P.2d 583 (1977).

■ This Court has the authority to reverse a decision of the Industrial Commission when that decision is unsupported by "any substantial competent evidence" or is unsupported as a matter of law. Sykes v. C. P. Clare & Co., 100 Idaho 761, 605 P.2d 939 (1980); Idaho Const. art. 5 § 9; I.C. § 72–732(1).

■ We note that the only medical testimony before the Commission was the deposition of Dr. Reisig. Reisig testified that an EKG was performed on May 12, 1977 which revealed evidence of a mild myocardial infarction which, although it could not be dated with precision, was in excess of three months old, i. e., the infarction pre-existed the three work related incidents. The record contains no other testimony indicating that the three incidents of exertion in any

other manner caused any violence to claimant's physical structure.

Bush contends nevertheless that Reisig's testimony established that his diseased condition was aggravated by his job related physical exertion. The testimony of Dr. Reisig would appear to indicate the contrary. Reisig indicated that Bush was "having an accelerating pattern of angina which would be due to coronary artery disease" which angina he defined as a "term used to describe the pain that we associate coming from insufficient blood to the heart, which in the average circumstances is due to hardening of the arteries which supply blood to the heart: coronary artery disease." Reisig indicated that the pain would be due to a disease of the coronary artery and would have no bearing on the level of activity of the individual and that the "actual underlying cause" of the angina already preexisted, *i. e.,* the coronary artery disease. We find nothing in the testimony of Dr. Reisig which indicates that Bush's activities on the job aggravated his coronary artery disease.

Appellant argues that the result below is inconsistent with the earlier cases of this Court involving a pre-existing disease. We do not agree. This Court has consistently affirmed Commission awards when supported by substantial and competent, although sometimes conflicting, evidence that work related activity precipitated an injury or accelerated or aggravated a pre-existing diseased condition. *See Hammond v. Kootenai County,* 91 Idaho 208, 419 P.2d 209 (1966); *Cain v. C. C. Anderson Co., supra; Hamlin v. University of Idaho, supra.* But see *Dunn v. Morrison-Knudsen Co.,* 74 Idaho 210, 260 P.2d 398 (1953), which was later overruled in *Lewis v. Department of Law Enforcement, supra.* On the other hand, the Court has consistently affirmed the Commission's denial of benefits when the Commission found that work related activity was not a causative factor of the injury or did not aggravate or accelerate a diseased condition. *See Beslanwitch v. Valley Dodge Center, Inc., supra; Bradshaw v. Bench Sewer District,* 90 Idaho 557, 414 P.2d 661 (1966); *In re Sutton,* 83 Idaho 265, 361 P.2d 793 (1961). The Commission's denial of compensation has only been reversed when the only substantial evidence or the overwhelming evidence disclosed that work related exertion had caused or contributed to personal injuries or had aggravated or accelerated a claimant's preexisting diseased condition. *See Laird v. State Highway Department,* 80 Idaho 12, 323 P.2d 1079 (1958); *Lewis v. Department of Law Enforcement, supra; Teater v. Dairyman's Cooperative Creamery, supra; Woodbury v. Arata Fruit Company, supra; Aranguena v. Triumph Mining Company,* 63 Idaho 769, 126 P.2d 17 (1942); *Beaver v. Morrison-Knudsen Co.,* 55 Idaho 275, 41 P.2d 605 (1934).

In the case at bar the record below supports the findings of the Commission and hence they will not be disturbed upon appeal. The order of the Industrial Commission is affirmed.

BAKES, C. J., and McFADDEN, BISTLINE and DONALDSON, JJ., concur.

BISTLINE, Justice, specially concurring.

My concurrence is reluctantly given. It intuitively seems unfair that Bush is denied recovery even though the work-related incidents in question caused him disabling pain when, in all likelihood, had he persisted in overexerting and thereby suffered a "heart attack," then he might have recovered. This result, however, apparently flows from the statutory definition of injury as "violence to the physical structure of the body." Thus despite the fact that claimant's pain may have been in effect just as disabling as the physical injury of a "heart attack," I am brought to concur in affirming the Commission's holding that there was no compensable injury because there is no evidence on the record which demonstrates that Bush suffered any discernible destruction or damage to the physical structure of his body. In this view we may all be much in error, but I am admittedly hard-pressed to derive the intended meaning of the statutory language. A hard blow to the heart area of the chest, for instance, would surely be a "violence to the physical structure of the body," and might or might not result in discernible damage. For certain such a hard blow would likely at least produce pain, even though fleeting. What, then, if the pain continues to exist, but the practitioners are unable to pinpoint the source? Pain, as I have understood it, is but a symptom of an injury, and where there is pain, is there not an injury at least in the sense that until the pain can be relieved or removed, the patient is disabled or disadvantaged?