680 P.2d 866

**Everett ROST, Claimant-Appellant,**

v.

**J.R. SIMPLOT COMPANY, Employer, Defendant-Respondent.**

No. 14930.

Supreme Court of Idaho.

May 4, 1984.

Louis L. Uranga, Boise, for claimant-appellant.

Joseph D. McCollum, Jr., Boise, for defendant-respondent.

DONALDSON, Chief Justice.

On February 21, 1978, while working for respondent J.R. Simplot Company, claimant Everett Rost sustained a back injury. Timely notice of the injury was given to the employer. Due to his injury, claimant underwent surgery on April 5, 1978. Although claimant did well during his initial period of recuperation, he subsequently developed pain in his back which was caused by a "disc space infection." Claimant continued under the care of Dr. Garber, claimant's orthopedic surgeon, and Dr. Burton, a neurologist whom claimant first saw on January 7, 1980. Both doctors concluded that claimant was stable as of April, 1981, and thereafter, each doctor assigned an impairment rating to claimant. On July 13, 1981, claimant filed an application for hearing with the Industrial Commission seeking permanent total disability benefits under the odd-lot doctrine.

In August, 1981, after Dr. Garber's referral, claimant was examined by Dr. Priest, a cardiologist. Later that same month, Dr. Priest performed coronary bypass surgery upon claimant. Dr. Priest did not connect claimant's cardiovascular problems to claimant's prior back injury.

Hearings were conducted by the Industrial Commission in June and July, 1982. Subsequently, the Commission issued its Findings of Fact and Conclusions of Law. The Commission concluded that claimant had failed to establish a prima facie case that he is a member of the odd-lot category. In addition, the Commission found that the claimant is capable of light-duty work and, therefore, not totally and permanently disabled. However, the Commission did determine that claimant had suffered a permanent partial disability of thirty-five percent (35%) of the whole man, and the Commission ordered respondent to pay income benefits to claimant for his disability. This appeal followed.

Whether a claimant falls within the odd-lot category is a factual determination. It is the duty of the Industrial Commission to make this determination and the Commission's findings will not be set aside on appeal if based upon substantial and competent evidence. *Gordon v. West*, 103 Idaho 100, 645 P.2d 334 (1982); *Reifsteck v. Lantern Motel & Cafe*, 101 Idaho 699, 619 P.2d 1152 (1980). Furthermore, it is the claimant's burden to establish a prima facie case that he is a member of the odd-lot category. *Gordon v. West, supra.*

The Commission's specific conclusion of law which claimant argues to be incorrect reads as follows:

"The Claimant in this case has failed to sustain his burden of proof that he is totally and permanently disabled. He has failed to prove that he is an 'odd-lot' worker.

"The Claimant has failed to establish a prima facie case that he is in the odd-lot category and therefore, the burden remains with the Claimant to prove the unavailability of work. *See Gordon v. West*, [*supra*]. He has failed to met [sic] that burden."

It is claimant's position that the Commission erred by applying the literal language of *Gordon v. West, supra,* to the facts in this case. Such an application is in his opinion unreasonable.

In *Gordon v. West, supra,* we held that a claimant, in order to present a prima facie case, must "prove the unavailability of suitable work in attempting to establish his alleged total disability." *Gordon, supra* at 104, 645 P.2d at 338. We further held that in order to prove the unavailability of suitable work, a claimant must show what other type of employment he has attempted. *Id.* at 105, 645 P.2d at 339. Claimant Rost contends that there was little, if any, time between the date of his injury and the date of the hearing herein when claimant was physically able to attempt any form of employment. Claimant continues that it is unreasonable to require him to show what other types of employment he has attempted since his medical condition never allowed him to attempt other employment. However, a review of the record causes us to disagree.

Since their arrival in Idaho in 1977, the Rosts have run a "retirement home" in their home. Essentially, this entails providing room and board for elderly individuals who pay $300.00–$400.00 per month. During 1981 there was an average of eight residents and in 1982 the retirement home averaged ten residents. There was testimony that Mr. Rost has been performing the duties of cooking and meal planning for these residents. Furthermore, Mrs. Rost testified that if claimant were not performing the cooking chores, it would be necessary to hire someone to do so. Thus, although Mr. Rost does not receive a paycheck as such for his work, it is clear that he and his wife earn a higher income from the retirement home because they don't have to employ someone to cook. In 1981 they grossed approximately $42,000 with food costs of approximately $1,000 a month.

This evidence supports the conclusion that claimant has not only attempted other employment, but has successfully performed other work. Therefore, there is substantial and competent evidence to support the Commission's conclusion that claimant failed to establish a prima facie case of odd-lot.

The conclusion of the Industrial Commission that claimant is entitled to an award for permanent partial disability equal to 35% of the whole man is affirmed.

Costs to respondent.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.