691 P.2d 1183

**Farrell W. BELL, Claimant-Appellant,**

v.

**CLEAR SPRINGS TROUT COMPANY, Employer, and Aetna Casualty and Surety, Surety, Defendants-Respondents,**

**and**

**State of Idaho, Industrial Special Indemnity Fund, Defendant-Respondent.**

No. 14909.

Supreme Court of Idaho.

Oct. 23, 1984.

Rehearing Denied Dec. 28, 1984.

Emil F. Pike, Twin Falls, for claimant-appellant.

Joseph M. Coughlan, Boise, for defendants-respondents, Clear Springs Trout Co. and Aetna Cas. & Surety.

Edward L. Benoit of Benoit, Alexander & Sinclair, Twin Falls, for defendant-respondent, State of Idaho, Indus. Special Indem. Fund.

DONALDSON, Chief Justice.

This case is an appeal from the Industrial Commission of the State of Idaho. In the proceeding before the Commission, claimant, Farrell Bell, contended that as a result of suffering an industrial accident on November 23, 1977, he is totally and permanently disabled. Alternatively, claimant contended that he sustained a permanent partial disability in excess of his impairment rating.

On November 17, 1982, the Industrial Commission entered an award in favor of claimant for the sum of $9,075.00, which represented compensation for a 20% whole man physical impairment. In reaching this conclusion, the Commission ruled that claimant had failed to sustain his burden of proving that he was an "odd-lot" worker, and had also failed to sustain his burden of proving that his physical disability exceeded his physical impairment rating. Claimant appeals from the order of the Industrial Commission.

The claimant was 54 years of age at the time of the hearing in this matter. After claimant graduated from high school, he attended two years of college, majoring in physical education and minoring in history. Following college, claimant went into business with his parents in Twin Falls, in a livestock auction yard. His work there included sorting and grading cattle, soliciting cattle for sale, and public relations with the customers. Claimant engaged in this work until approximately 1970. Claimant then formed his own livestock business, and bought and sold cattle for approximately two or three years. Thereafter, claimant worked for Amalgamated Sugar Company where he performed various jobs and eventually became a shift foreman. This employment lasted approximately 1½ years. Claimant quit that employment to enter into his own livestock business for approximately one year. Following this, claimant managed a sanitation service in the City of Jerome for approximately 1½ years. In mid-1976, claimant went to work for Clear Springs Trout Company, the defendant-employer herein.

Prior to his injury on November 23, 1977, claimant experienced two medical problems with his back. Claimant sustained a broken back at age 16, but experienced no residual difficulties after it had healed. Claimant also had a lumbar laminectomy in 1968, which was apparently not related to any injury or accident. Claimant testified that he experienced no back problems after this surgery.

While employed as a truck driver for Clear Springs Trout Farm, claimant sustained an injury when he fell through a board on a runway at the employer's hatchery. Claimant was thereafter paid total temporary disability compensation and medical benefits by the defendants. Claimant entered into a voluntary re-training

agreement with defendants in 1978. Pursuant to the re-training agreement, claimant attended the College of Southern Idaho and graduated therefrom with a two-year degree in business agriculture in August, 1979.

In January, 1980, claimant was examined by a panel of physicians in Boise, who rated claimant as having a permanent partial impairment of 10% of the whole man. Thereafter, claimant requested a hearing before the Industrial Commission. The Industrial Special Indemnity Fund (ISIF) was thereafter joined as a defendant.

A hearing was held on February 17, 1982, wherein the referee found that claimant's disability was 20% of the whole man. The referee stated, and the Commission affirmed, that claimant failed to prove he was totally and permanently disabled, and that he did not prove that he was an "odd-lot" worker. Furthermore, the Commission dismissed ISIF as a party, reasoning that ISIF would be liable pursuant to I.C. § 72–332 only if claimant had proved total and permanent disability.

Claimant asserts two errors on appeal. First, he contends that the Commission erred in its findings of fact and conclusions of law in requiring him to present expert evidence in numerical or percentage terms as to the extent of his disability. Second, claimant asserts that the Commission erred in concluding he had failed to sustain his burden of proving that he is an "odd-lot" worker.

■ Claimant first contends that the ultimate rating of permanent disability should be an administrative finding by the Commission with no particular method of proof required, and that a claimant is not required to present testimony of vocational experts expressing their opinions in numerical or percentage terms. We agree.

In the recent case of *Bennett v. Clark Hereford Ranch and Fireman's Fund Insurance Co.*, 106 Idaho 438, 680 P.2d 539 (1984), we held that "the Workmen's Compensation Law does not require any particular method of proof." However, we believe the claimant misreads the decision of the Commission in arguing that the Commission required claimant to present testimony by the vocational experts in numerical or percentage terms as to claimant's extent of disability.

In its findings of fact and conclusions of law, the Commission concluded that claimant had failed to establish permanent disability in excess of 20%. In reaching this conclusion, the Industrial Commission noted that "[n]one of [the experts] expressed any opinion in numerical or percentage terms as to the extent of the claimant's disability." In Finding of Fact XIX, the Commission further states as follows:

"In evaluating disability, consideration must be given both to the medical factor of permanent impairment and non-medical factors, including age, education, training, skills and experience. The claimant is 54 years of age, has four years of college-level education and his work experience is primarily agricultural-oriented. The vocational evaluator from Magic Valley Rehabilitation Services described a number of potential occupations for the claimant. The claimant testified that in the period shortly before the hearing, he had been engaged in bar tending on a part-time basis. He also had been self-employed selling firewood which other individuals had cut for him. He had two short-term jobs which he was unable to retain. There is no expert opinion evidence which would place the claimant's disability in excess of his permanent physical impairment rating. The Referee finds that the claimant's permanent-partial disability resulting from the November, 1977 accident is 20% of a whole man, which includes consideration of both medical and non-medical factors and the state of the record in this case."

Nowhere in this decision is there any statement by the Commission that such a requirement was imposed upon the claimant. The statement by the Commission that none of the vocational experts expressed an opinion as to the extent of claimant's disability in numerical or per-

centage terms was merely a recognition by the Commission that such expert opinion would have been material evidence in this matter. We have read the Commission's findings of fact, conclusions of law and order in this matter, and we believe that the Commission gave complete and thorough consideration to all of the testimony and evidence presented. Accordingly, we hold that the Commission's findings and conclusions will not be set aside on appeal on this basis.

Second, claimant asserts that the Commission erred in concluding that claimant had not met his burden of proving that he is an "odd-lot" worker.[1] Claimant asserts that after two years of diligent effort, he was unable to secure regular and steady employment, and that the unavailability of an actual job for more than two years places him in the "odd-lot" category.

■ The burden falls on the claimant to establish a prima facie case that he is an "odd-lot" worker. *Rost v. J.R. Simplot Co.*, 106 Idaho 444, 680 P.2d 866 (1984); *Gordon v. West, supra.* We have previously stated that in order to present a prima facie case, a claimant must "prove the unavailability of suitable work in attempting to establish his alleged total disability." *Rost v. J.R. Simplot Co.*, 106 Idaho at 445, 680 P.2d at 867 (quoting *Gordon v. West*, 103 Idaho at 104, 645 P.2d at 338). And, in order to prove the unavailability of suitable work, "a claimant must show what other types of employment he has attempted." *Id.*

"The determination of whether or not a claimant is a member of the 'odd-lot' category is a factual determination within the discretion of the Commission. *Carey v. Clearwater County Road Department*, [686 P.2d 54] 1984 Op. No. 67 (June 25, 1984); *Gordon v. West, supra; Reifsteck v. Lantern Motel & Cafe*, 101 Idaho 699, 619 P.2d 1152 (1980). Where

contested findings of the Commission are supported by substantial, competent evidence, those findings will not be disturbed on appeal. I.C. § 72–732(1); *In re Chavez*, 104 Idaho 279, 658 P.2d 950 (1983); *Bush v. Bonners Ferry School Dist. No. 101*, 102 Idaho 620, 636 P.2d 175 (1981); *Maez v. Thunderbird Market*, 101 Idaho 128, 609 P.2d 660 (1980)."

*Nielson v. State of Idaho, Industrial Special Indemnity Fund*, 106 Idaho 878, 880, 684 P.2d 280, 282 (1984).

■ The Commission found that "claimant failed to sustain his burden of proving that he is an 'odd-lot' worker." Although the evidence in this case is conflicting, the Commission's findings in this matter are supported by substantial and competent evidence and will not be disturbed on appeal. Therefore, the conclusion of the Commission that claimant is entitled to an award for permanent partial disability equal to 20% of the whole man is affirmed.

. The decision of the Industrial Commission is affirmed.

Costs to respondent.

No attorney fees on appeal.

BAKES, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, J., concurs in the result.

---

1. We previously defined an "odd-lot worker" as "an employee who is so injured that he can 'perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist.'" *Gordon v. West*, 103 Idaho 100, 103, 645 P.2d 334, 337 (1982) (quoting from *Reifsteck v. Lantern Motel & Cafe*, 101 Idaho 699, 700, 619 P.2d 1152, 1153 (1980)).