653 P.2d 455

Linda I. CALLANTINE,
Claimant-Appellant,

v.

BLUE RIBBON LINEN SUPPLY,
Employer-Defendant-Respondent,

and

Argonaut Northwest Insurance Company,
Surety-Defendant-Respondent.

No. 14106.

Supreme Court of Idaho.

Oct. 27, 1982.

Paul C. Keeton, of Keeton & Tait, Lewiston, for claimant-appellant.

John W. Barrett and Michael G. McPeek, of Moffatt, Thomas, Barrett & Blanton, Boise, for respondents.

HUNTLEY, Justice.

Claimant brought action for temporary total disability compensation and for medical expenses. The Industrial Commission entered findings of fact, conclusions of law, and an order denying coverage.

The issue before the Commission was whether, as per the testimony of claimants, her disability of "thoracic outlet syndrome" was caused by incidents she alleged occurred on the job on December 12 and December 18, 1981, or whether the syndrome was a condition which predated her employment with Blue Ribbon Linen Supply.

There was conflicting testimony as to whether the first incident ever occurred, and as to whether the second incident could cause the syndrome.

Expert medical testimony presented by claimant related the injury to the incidents, but the employer's medical expert related the syndrome solely to the pre-existing condition. The Commission found that claimant's condition was neither caused by nor aggravated by the alleged incidents.

A claimant in a workmen's compensation cause has the burden of proving

compensable disablement, caused by an accident arising out of and in the course of his employment. His proof must establish a probable, not merely a possible, connection between cause and effect to support his contention that he suffered a compensable accident. *Kern v. Shark,* 94 Idaho 69, 71, 480 P.2d 915 (1971); *Davenport v. Big Tom Breeder Farms, Inc.,* 85 Idaho 604, 382 P.2d 762 (1963). The Industrial Commission in the case at bar held that the burden had not been met.

The Industrial Commission is the arbitrator of conflicting evidence, and if the Commission's determination is supported by substantial and competent, though conflicting, evidence, it will not be disturbed on appeal. *Hamby v. Simplot Co.,* 94 Idaho 794, 498 P.2d 1267 (1972); *Lampe v. Zamzow's, Inc.,* 626 P.2d 782, 102 Idaho 126 (1981); *Logsdon v. Northern Iron & Metals Co.,* 608 P.2d 877, 101 Idaho 74 (1980).

There is ample evidence in the record to support the finding of the Industrial Commission and we find no error. The order of the Industrial Commission is affirmed.

Costs to respondents. No attorney fees allowed.

BAKES, C.J., DONALDSON and SHEPARD, JJ., and SCOGGIN, J. Pro Tem., concur.