930 P.2d 1021

**Wayne C. DEHLBOM, Claimant–Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

No. 22567.

Supreme Court of Idaho,
Coeur d'Alene, October 1996 Term.

Jan. 22, 1997.

Elsaesser, Jarzabek & Andersen, Chartered, Sandpoint, for claimant–appellant. Joseph Jarzabek argued.

Alan G. Lance, Attorney General; Carol B. Groover, Deputy Attorney General, Post Falls, for defendant–respondent. Carol B. Groover argued.

TROUT, Justice.

This worker's compensation appeal arises from an order of the Industrial Commission (Commission) finding that claimant Wayne Dehlbom is not totally permanently disabled and that, even if Dehlbom were totally and permanently disabled, the Industrial Special Indemnity Fund would not be liable.

## I.

## BACKGROUND

In 1989, claimant Wayne Dehlbom began work as a welder for Fausett International (Fausett). At that time, Dehlbom was fifty-four years old, held a two-year machinist's degree, and had worked as a welder since 1960 for various employers. In March of 1990, at the age of fifty-five, Dehlbom suffered an industrial injury to his right knee. Two months later, surgery was performed on his knee, and he returned to work. In 1991, his knee symptoms returned, and knee surgery was again performed. After physical therapy, he returned to work in early 1992 as a welder at Fausett. At that time, Dehlbom's physician rated his permanent impairment due to his knee injury at 5% of his lower extremities and 2% of his whole body. In the spring of 1992, Fausett laid off Dehlbom as a result of lack of work. Dehlbom has not worked since the lay off.

Prior to 1990, Dehlbom had experienced some hearing loss. In 1959, a doctor characterized it as "some perceptive high tone deafness bilaterally." In 1994, Dehlbom's physician rated his hearing loss at 18% impairment of the whole body.

## II.

### PROCEDURAL HISTORY

In May of 1993, Dehlbom filed a complaint with the Industrial Commission against Fausett and the Idaho State Insurance Fund seeking a determination of his worker's compensation benefits. In July of 1993, Dehlbom filed a complaint against the Industrial Special Indemnity Fund (ISIF), alleging that he was permanently totally disabled as a result of his preexisting hearing loss in combination with the industrial knee injury which he suffered while working at Fausett. Dehlbom later settled his claims against Fausett and the Idaho State Insurance Fund.

A Commission referee conducted a hearing on November 14, 1994. At the hearing, Dehlbom offered the testimony of Maxine Boston, a vocational rehabilitation counselor. The ISIF objected because Dehlbom had failed to disclose her as a witness pursuant to Rule X of the Commission's Rules of Practice and Procedure. The referee refused to allow Boston's testimony into evidence or to permit a post-hearing deposition. The referee then submitted to the Commission Findings of Fact, Conclusions of Law, and Proposed Order, which the Commission subsequently adopted in full. The Commission ruled that: (1) Dehlbom is not totally and permanently disabled, and (2) even if Dehlbom were totally and permanently disabled, the ISIF is not liable. Dehlbom appeals, arguing that Maxine Boston's testimony was wrongfully excluded, that he is totally and permanently disabled, and that the ISIF is liable.

## III.

### DISCUSSION

#### A. Maxine Boston's testimony

■ The referee's decision regarding the testimony of Maxine Boston is not a final appealable order under I.A.R. 11. Thus, we cannot review this decision. Idaho Code § 72–718 provides that final decisions of the Industrial Commission are appealable to this Court pursuant to I.C. § 72–724. Section 72–724, in turn, authorizes appeals to this Court as prescribed by the rules of the Court. Idaho Appellate Rule 11(d) grants an appeal as of right to this Court from "any final decision or order of the Industrial Commission."

We have held that interlocutory orders of a Commission referee that are not approved or adopted by the full Commission do not fall within the definition of a "final decision or order" of the Commission. *Peterson v. Farmore Pump & Irrigation,* 119 Idaho 969, 969, 812 P.2d 276, 276 (1991). *See also Wheaton v. Industrial Special Indem. Fund,* 96.25 ISCR 1150 (Dec. 16, 1996). In *Peterson,* a Commission referee in a worker's compensation case denied some of the claimant's discovery requests. The claimant appealed to this Court the denial of these requests. The Court first noted that I.C. § 72–506 provides that findings, orders, and decisions made by a referee become final orders and decisions of the Commission when "approved and confirmed" by the Commission. *Peterson,* 119 Idaho at 970, 812 P.2d at 277. There, the Commission had not approved or confirmed the referee's ruling on the discovery requests; it had simply adopted the findings, conclusions, and proposed order of the referee, which did not include any mention of those requests:

> [T]he referee's order denying [claimant's] motion to compel discovery was not specifically approved and confirmed by the Commission. In fact, the record before this Court does not disclose that the Commission was ever asked to consider the motion or the referee's ruling on it. The denial of the motion was not referred to in the referee's findings of fact, conclusions of law, and order that was approved, confirmed, and adopted by the Commission.

*Id.* at 970–71, 812 P.2d at 277–78. The referee's order thus did not fall within the definition of a final appealable order under I.A.R. 11. *Id.* at 971, 812 P.2d at 278. In contrast, this Court in a similar case found that the Commission had adopted a specific decision of a referee when the findings, conclusions, and proposed order particularly noted a party's motion and the referee's ruling on it. *Cantu v. J.R. Simplot Co.,* 121 Idaho 585, 587–88, 826 P.2d 1297, 1299–1300 (1992) (preface of the findings, conclusions, and proposed order stated: "The Referee granted

Defendant's motion to have Claimant examined by a psychiatrist and have that psychiatrist deposed post-hearing"). In that case, the Commission had clearly been apprised of the motion and the referee's subsequent ruling.

In the instant case, however, the Commission did not adopt, approve, or confirm the referee's ruling on the admissibility of Boston's testimony. The Findings of Fact, Conclusions of Law, and Proposed Order contains no reference to the referee's decision regarding Boston's testimony, nor does the record indicate that Dehlbom sought, at any time, to bring this ruling to the Commission's attention, either by filing a motion to reconsider or by arguing the issue in a post-hearing briefing. In this case, then, the Commission did *not* specifically approve or adopt the referee's ruling, and it is not a final appealable order pursuant to I.A.R. 11(d). We thus decline to address this issue.

**B. Total and permanent disability**

The determination of whether a worker's compensation claimant is totally and permanently disabled is a question of fact. *Sund v. Gambrel*, 127 Idaho 3, 5, 896 P.2d 329, 331 (1995) (citing *Thom v. Callahan*, 97 Idaho 151, 155, 540 P.2d 1330, 1334 (1975)). This Court will uphold such factual determinations if supported by substantial and competent evidence in the record. *Id.*, 127 Idaho at 5, 896 P.2d at 331. We have defined substantial and competent evidence as evidence that a reasonable mind might accept as adequate to support a conclusion. *ASARCO, Inc. v. Industrial Special Indem. Fund*, 127 Idaho 928, 931, 908 P.2d 1235, 1238 (1996) (citing *Reiher v. American Fine Foods*, 126 Idaho 58, 60, 878 P.2d 757, 759 (1994)).

Idaho law provides that a "permanent disability" occurs "when the actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no fundamental or marked change in the future can be reasonably expected." I.C. § 72–423. A "permanent impairment" is "any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved." *Id.* § 72–422. A permanent impairment is a "basic consideration" in the evaluation of permanent disability. *Id.* In determinations of permanent disability, both the medical factor of a permanent impairment and nonmedical factors, including the claimant's occupation, age at the time of accident, and ability to compete in an open labor market in the geographical area, are considered. *Id.* §§ 72–425, –430(1).

One method of establishing total and permanent disability is for the claimant to demonstrate that he fits within the definition of an odd-lot worker. *Bybee v. Industrial Special Indem. Fund*, 129 Idaho 76, 81, 921 P.2d 1200, 1205 (1996). An odd-lot worker is one "so injured that he can perform no services other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist." *Id.*, 129 Idaho at 81, 921 P.2d at 1205 (quoting *Arnold v. Splendid Bakery*, 88 Idaho 455, 463, 401 P.2d 271, 276 (1965)). Such workers are not regularly employable "in any well-known branch of the labor market— absent a business boom, the sympathy of a particular employer or friends, temporary good luck, or a superhuman effort on their part." *Carey v. Clearwater County Road Dep't*, 107 Idaho 109, 112, 686 P.2d 54, 57 (1984) (quoting *Lyons v. Industrial Special Indem. Fund*, 98 Idaho 403, 406, 565 P.2d 1360, 1363 (1977)). The burden of establishing odd-lot status lies with the claimant. *Dumaw v. J.L. Norton Logging*, 118 Idaho 150, 153, 795 P.2d 312, 315 (1990) (citing *Huerta v. School Dist. No. 431*, 116 Idaho 43, 47, 773 P.2d 1130, 1134 (1989)); *Rost v. J.R. Simplot Co.*, 106 Idaho 444, 445, 680 P.2d 866, 867 (1984).

The three methods of proving odd-lot status are by demonstrating:

1. what other types of employment the employee has attempted,

2. that the employee, or vocational counselors, employment agencies, or the Job Service on behalf of the employee, have searched for other work for the employee, and that other work is not available, or

3. any efforts of the employee to find suitable employment would have been futile.

*Dumaw,* 118 Idaho at 153, 795 P.2d at 315. Odd-lot status is a matter of law only where "the evidence is undisputed and is reasonably susceptible to only one interpretation." *Nelson v. David L. Hill Logging,* 124 Idaho 855, 857, 865 P.2d 946, 948 (1993) (quoting *Lyons,* 98 Idaho at 407 n. 2, 565 P.2d at 1364 n. 2). Otherwise, the Commission's determination of odd-lot status is a question of fact, upheld by this Court if supported by substantial and competent evidence in the record. *Bybee,* 129 Idaho at 82, 921 P.2d at 1206.

The Commission found that Dehlbom failed to establish a prima facie case of odd-lot status. It explained that Dehlbom does not fall within category (1) because he did not provide evidence that he attempted any type of work other than welding and machinist work, jobs which his knee injury prevented him from performing effectively. According to the Commission, Dehlbom does not fit within odd-lot category (2) because he searched for welding or machinist work only, rather than lighter duty work: "Inasmuch as he only sought work as a welder or machinist, and sought no lighter duty work, the Referee finds Claimant's job search insufficient to prove that he is an odd-lot worker." Finally, the Commission found that Dehlbom produced no evidence to establish that an "adequate" search for employment would be futile, thereby precluding a finding of odd-lot status under category (3).

■ Substantial and competent evidence supports the Commission's finding that Dehlbom did not establish a prima facie case of odd-lot status under category (1). To establish a prima facie case under this category, the employee "must do more than merely assert that [he] cannot perform [his] previous type of employment." *Nelson,* 124 Idaho at 857, 865 P.2d at 948 (upholding Commission's finding that employee did not fall under category (1) because his attempts to return to his former work involved "heavy use" of injured leg). Dehlbom indicated in his testimony before the Commission referee that he believed that he could no longer perform his pre-injury employment. This statement, without more, does not establish odd-lot status under category (1). In addition, contradicting this assertion is the fact that Dehlbom did in fact return to work as a welder for Fausett after his injury. In 1993, Dehlbom was laid off, not due to any inability to perform his required duties but rather because of a lack of work. Since the lay off, Dehlbom has not worked in the welding/machinist field or in any other. No evidence in the record suggests that Dehlbom attempted any type of employment other than welding and machinist work after his 1990 knee injury. Such evidence is crucial to establishing a prima facie case of odd-lot status under category (1).

■ Substantial and competent evidence supports the Commission's finding that Dehlbom did not meet his burden of establishing odd-lot status under category (2) by showing that he, or others on his behalf, searched for *other* suitable work and that such work is not available. Dehlbom testified at the hearing that, after his injury and subsequent lay-off, he searched for employment as a welder, even though a doctor had recommended that he not engage in kneeling, squatting, or bending due to his injury.[1] He did not attempt to find or apply for lighter duty work as his doctor recommended, nor did he seek to identify employment that he is able to perform with his current impairments. In addition, nothing in the record reveals what jobs he is capable of performing or whether they are available in his geographical area. In contrast, the claimant in *Archer v. Bonners Ferry Datsun* testified that he applied for "a variety of jobs" in the local area, that he received no offers, and that he could not get "employment of *any* nature." 117 Idaho 166, 169, 786 P.2d 557, 560 (1990) (emphasis added). In that case, the Court upheld the Commission's finding that the claimant fell within the second definition of an odd-lot worker. *Id.,* 117 Idaho at 169, 786 P.2d at 560. Here, Dehlbom failed to establish a prima facie case of odd-lot status under category (2) because no evidence indicates that he searched for work in any field other than

1. Dehlbom also conceded that, had he been offered a job as a welder, he was uncertain whether he would have been able to perform it.

his pre-injury employment and that such work is not available.

██ Finally, substantial and competent evidence in the record supports the Commission's finding that Dehlbom failed to establish odd-lot status under category (3): that a search for suitable work would prove futile in view of the lack of available employment that Dehlbom can perform with his limitations. The only evidence in the record regarding the availability of jobs that Dehlbom can perform comes from Dehlbom's testimony. He testified at the hearing that he could find no jobs in the welding/machinist fields, that he doubted that he could perform the duties of such jobs had they been available, and that he did not believe that he could work as a security guard, store cashier, or any other position requiring frequent instructions from a supervisor. Dehlbom did not present any evidence identifying suitable employment or evaluating the availability of such employment in his vicinity.[2]

The instant case is thus distinguishable from a similar case in which this Court upheld a determination by the Commission that the claimant was totally and permanently disabled under the futility prong of the odd-lot doctrine. In *Dumaw v. J.L. Norton Logging*, 118 Idaho 150, 795 P.2d 312 (1990), a vocational expert testified that Dumaw was precluded from eighty percent of the jobs that he could have performed pre-injury. The expert also testified that light duty jobs were rare in the geographical area and that the claimant's injury prevented him from performing the duties of many of the jobs classified as light duty. In the instant case, however, Dehlbom presented no such evidence. Instead, Dehlbom testified that he did not believe that he is capable of performing *certain types* of lighter duty work. He did not, however, testify as to the types of lighter duty work that he *is* able to perform or the availability of such jobs in his geographical area. The record thus supports the Commission's finding that Dehlbom did not meet his burden of establishing odd-lot status.

### C. Liability of the ISIF

Liability of the ISIF is contingent upon a finding that a claimant is totally and permanently disabled. There is no need to address this issue because we hold that substantial and competent evidence supports the Commission's finding that Dehlbom is not totally and permanently disabled.

### IV.

### CONCLUSION

We hold that the decision of the Commission's referee excluding Maxine Boston's testimony is not a final appealable order under I.A.R. 11(d) and that substantial and competent evidence supports the Commission's finding that Dehlbom is not totally and permanently disabled. Costs on appeal to respondent.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.

---

**2.** Boston's testimony, which the referee excluded from the hearing, could have established these facts. However, the referee's decision is not reviewable by this Court, and the Commission did not consider this testimony.