939 P.2d 854

**Stanley L. BOLEY, Claimant–Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

No. 23104.

Supreme Court of Idaho,
Twin Falls, March 1997 Term.

June 24, 1997

Emil F. Pike, Jr., Twin Falls, for claimant–appellant.

Alan G. Lance, Attorney General, Boise; Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for defendant–respondent. Thomas B. High argued.

SILAK, Justice.

This is an appeal from an Industrial Commission (Commission) decision denying appellant Stanley F. Boley (Boley) total and permanent disability benefits and denying him odd-lot worker status. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Boley was born on September 27, 1936, and lives in Murtaugh, Idaho, eighteen miles east of Twin Falls. His employment history consists of work in potato processing plants in south-central Idaho, where he palletized piles of stacked boxes, operated the machine package and the glue machine, and did maintenance work. From 1985 through 1989, Boley was not employed full time, but he did odd jobs driving trucks hauling agricultural products. He has some experience drilling wells, fishing commercially and operating some heavy equipment.

Boley was last employed by Universal Frozen Foods (UFF) from February 1990 until October 1993. Boley began his employment at UFF as a machine operator. He could not operate the computer, so he did heavy duty maintenance work instead. Boley was responsible for sweeping floors, cleaning freez-ers and dumping barrels of discarded potato product into dumpsters.

Boley was diagnosed as suffering from a gradually progressive mild to moderate hearing loss in 1977. In 1992, the loss was moderate to severe. Boley also has an upper- and mid-back degenerative disease in which there is some narrowing between the disc spaces due to the aging process.

In August 1991, Boley suffered a heart attack at the age of 54 while moving heavy loads of potatoes in the heat. Boley was given a 10% whole man impairment rating by his cardiologist and was permitted to return to heavy duty work in October 1991. Because he was essentially unable to perform the heavy duty work, his job was modified to medium duty work which consists, in part, of occasionally lifting fifty pounds.

In December 1992, Boley, while at work at UFF, hyperextended the tendon of his left foot ultimately damaging his ankle. He sustained chronic Achilles tendinitis and wears a brace to prevent muscle problems and to relieve pain. Boley walks slowly and with a slight limp. After several weeks off after the injury, Boley returned to a new position at UFF as a security guard, a light duty job. This job entailed riding around the plant in a pick-up truck with another security guard. The other guard would get out of the truck to check doors and locks. Boley did not have to do any walking. After the plant was shut down for summer maintenance, the security guard position was eliminated. However, Boley was rehired the next season and was given a job at the inspection table where he could either sit or stand while cutting bad spots out of potatoes. Boley quit after two weeks, in October 1993, because the bending caused him neck and back pain, and he has not worked since.

Boley filed two workers' compensation complaints in October 1993, for each of his two injuries, seeking compensation for total and permanent disability, permanent partial impairment and permanent partial disability. In May 1994, Boley filed a workers' compensation complaint against respondent Industrial Special Indemnity Fund (ISIF), alleging entitlements to benefits pursuant to Idaho Code section 72–332.

At the hearing before the Commission referee in May 1995, Boley contended that back difficulties, his heart limitation, hearing and leg problems, coupled with non-medical factors, precluded him from the job market permanently. He also claimed that he was an odd-lot worker. Boley testified, however, that he is capable of driving and continues to hunt and fish which requires driving significant distances from his home.

In April 1996, the Commission issued an order adopting the findings of fact and conclusions of law of the referee. The Commission found that Boley was not totally and permanently disabled, but that he is entitled to benefits in the amount of 15% of the whole person for his heart attack, and that he is not entitled to future medical care related to his pre-existing heart condition. The Commission found that Boley is entitled to benefits in the amount of 33% of the whole person for the ankle injury. The Commission further found that Boley failed to establish a prima facie case for odd-lot worker status, and that although Boley is not totally and permanently disabled, he suffers a disability of 85% of the whole person. The Commission dismissed the claim against the ISIF. Boley later settled with UFF. Boley appeals.

## II.

### ISSUES ON APPEAL

1. Whether the Commission erred in its determination that Boley failed to establish his claim for an award of total and permanent disability benefits.
2. Whether the Commission erred in its determination that Boley failed to establish a prima facie case of odd-lot worker status.

## III.

### ANALYSIS

#### A. Standard of Review.

This Court's review of Commission decisions is limited to a determination of whether the findings of fact are supported by substantial and competent evidence. I.C. § 72–732(1); *Smith v. O/P Transp.*, 128 Idaho 697,

699, 918 P.2d 281, 283 (1996). Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boise Orthopedic Clinic v. Idaho State Ins. Fund*, 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). It is the Commission, not this Court, who is to weigh the evidence. *Nelson v. David L. Hill Logging*, 124 Idaho 855, 858, 865 P.2d 946, 949 (1993). We will not disturb the Commission's conclusions on the weight and credibility of the evidence on appeal unless they are clearly erroneous. *Wheaton v. Industrial Special Indem. Fund*, 129 Idaho 538, 541, 928 P.2d 42, 45 (1996). In reviewing a decision of the Commission, this Court views all facts and inferences in the light most favorable to the party who prevailed before the Commission. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996).

#### B. Substantial And Competent Evidence Exists To Support The Commission's Findings That Boley Did Not Establish A Prima Facie Case Of Odd–Lot Disability.

Whether a worker's compensation claimant is totally and permanently disabled is a question of fact, the determination of which will be upheld on appeal if supported by substantial and competent evidence. *Dehlbom v. Industrial Special Indem. Fund*, 129 Idaho 579, 582, 930 P.2d 1021, 1024 (1997). A "permanent disability" occurs under Idaho law "when the actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no fundamental or marked change in the future can be reasonably expected." I.C. § 72–423. The evaluation of a permanent disability is an "appraisal of the injured employee's present and probable future ability to engage in gainful activity ..." I.C. § 72–425. In determining whether a claimant is permanently disabled, both medical and non-medical factors are considered. *Id.* Among the nonmedical factors considered are the claimant's occupation, age at the time of the accident, and ability to compete in an open labor market in the geographical area. I.C. § 72–430(1).

■ There are two methods by which a claimant may establish a permanent disability. First, a claimant may prove a total and permanent disability if his or her medical impairment together with the nonmedical factors total 100%. If the Commission finds that a claimant has met his or her burden of proving 100% disability via the claimant's medical impairment and pertinent nonmedical factors, there is no need for the Commission to continue. The total and permanent disability has been established at that stage. *See Hegel v. Kuhlman Bros., Inc.*, 115 Idaho 855, 857, 771 P.2d 519, 521 (1989) (Bakes, J., specially concurring) ("Once 100% disability is found by the Commission on the merits of a claimant's case, claimant has proved his entitlement to 100% disability benefits, and there is no need to employ the burden-shifting odd lot doctrine").

■ The second method by which a claimant may prove total and permanent disability is for the claimant to demonstrate that he fits within the definition of an odd-lot worker. The odd-lot doctrine comes into play when the claimant has proved something less than 100% disability. *Id.* at 858, 771 P.2d at 522. The odd-lot category exists for those persons who are so injured as to be unable to perform services other than "those which are so limited in quality, dependability or quality that a reasonably stable market for them does not exist." *Dehlbom*, 930 P.2d at 1024.

In the present case, the Commission found that Boley suffers from a disability of 85% of the whole person. This finding is supported by substantial and competent evidence and is not disputed by Boley. Thus, Boley has failed to establish that he is totally and permanently disabled under the first method since his disability rating is less than 100%. We thus decide this case under the odd-lot worker doctrine.

■ With respect to the odd-lot worker theory, Boley contends that the Commission's findings of fact are not supported by substantial and competent evidence. Specifically, Boley argues that the evidence in this case is undisputed that he is not gainfully employable and that he therefore established odd-lot disability status as a matter of law. We disagree.

■ A claimant may establish a prima facie case of odd-lot disability status as a matter of law only if " 'the evidence is undisputed and is reasonably susceptible to only one interpretation.' " *Lethrud v. Industrial Special Indem. Fund*, 126 Idaho 560, 563, 887 P.2d 1067, 1070 (1995); (quoting *Nelson*, 124 Idaho at 855, 865 P.2d at 946). The burden of proving a prima facie case of odd-lot status is on the claimant. 126 Idaho at 563, 887 P.2d at 1070. However, where a dispute exists as to the extent of the disability, the type of work the claimant is capable of performing, and the efforts made to find suitable employment, whether the claimant is of odd-lot status is a factual determination within the discretion of the Commission. 126 Idaho at 563, 887 P.2d at 1070. In the present case, the evidence was disputed. Boley's vocational expert, James Spooner, testified that Boley was not capable of performing any type of job. UFF's vocational expert, Anne Aastum, prepared a report and testified that even with Boley's partial disability, there were still jobs he could perform. Thus, the question whether Boley is an odd-lot worker became a question of fact for the Commission to decide.

■ This Court has held that, for worker's compensation purposes, "total disability" can be defined as the "[i]nability to sell one's services in a competitive market; appropriate considerations in making this finding include medical and nonmedical factors, such as age, sex, education, training, usable skills, and economic and social environment." *Hamilton v. Ted Beamis Logging & Constr.*, 127 Idaho 221, 224, 899 P.2d 434, 437 (1995). An employee may prove total disability under the odd-lot worker doctrine in one of three ways:

(1) by showing that [he or she] has attempted other types of employment without success;

(2) by showing that [he or she] or vocational counselors or employment agencies on his or her behalf have searched for other work and other work is not available; or

(3) by showing that any efforts to find suitable employment would be futile.

*Lethrud,* 126 Idaho at 563, 887 P.2d at 1070; *Huerta v. School Dist. 431,* 116 Idaho 43, 48–49, 773 P.2d 1130, 1135–36 (1989). In this case, the Commission concluded that Boley failed to establish odd-lot status under any of the three methods. We hold that there is substantial and competent evidence to support the Commission's findings.

With respect to the first method, the Commission found that Boley failed to show that he had attempted other types of employment. The evidence showed that after Boley's ankle injury, UFF kept Boley on as security guard full time. After the seasonal shutdown that position was eliminated but UFF hired Boley back to work at the inspection table. Boley quit after two weeks due to back pain. There was no evidence that Boley asked for another position at UFF after he quit the job at the inspection table, nor was there evidence that Boley has worked anywhere since he quit UFF in October 1993.

The Commission also found that Boley failed to meet the criteria of the second prong of the odd-lot worker test. The evidence shows that Boley did little to pursue employment after leaving UFF and while he was receiving unemployment benefits. When his unemployment compensation expired, Boley inquired about only a few jobs. He never sought employment in Twin Falls and met only once with a vocational rehabilitation counselor. The Commission found that Boley was unmotivated to find work and that his few contacts were insufficient to establish a prima facie case of odd-lot status under the second prong of the test.

The Commission further found that Boley had failed to establish odd-lot worker status under the third prong of the test, *i.e.,* that any efforts to find suitable employment would have been futile. As stated above, hearing testimony on this issue, that of James Spooner and Anne Aastum, was conflicting. Mr. Spooner testified that Boley would probably be incapable of performing a wide variety of light duty jobs such as dairy cattle feeder, taxi driver, security guard, vending machine delivery truck driver and convenience store clerk. Ms. Aastum conducted a labor market survey to determine Boley's employability, first considering only his heart and ankle condition. At that point, Ms. Aastum concluded that Boley was suitable for several of the above-mentioned jobs. After she considered Boley's hearing and back conditions, Ms. Aastum still concluded that there were jobs that would be suitable for Boley on either a part-time or full time basis. These jobs are sugar beet truck driver during the harvest, and a security guard position where Boley would drive around and check door locks. Ms. Aastum did not believe that Boley's age precluded him from the jobs because they do not require a high degree of physical exertion, and because of the perception that older workers are generally more reliable than younger workers.

The Commission found Ms. Aastum's testimony and research to be more credible and persuasive than Mr. Spooner's, and that Boley could tolerate at least a limited amount of driving and that he would be competitive for light-driving positions. The record indicates that Boley was capable of performing driving positions and that he was interested in such work. He wanted to continue the security guard position at UFF (which was an eight hour a day, five days a week job), but it was eliminated. Contrary to Spooner's assumption that Boley has problems sitting for more than fifteen minutes, the evidence also shows that Boley spends a great deal of time driving around to pursue his hobbies of fishing and hunting. In 1994, he took at least a dozen fishing trips, two of which required a one-way trip of three and one-half hours; the others required a minimum one-way trip of almost an hour. The fishing trips involved unloading and loading a boat and fishing for about four hours. Boley also took several hunting trips in 1994. Boley did not complain about having difficulties with any of these activities.

■ Boley also seems to argue that Anne Aastum's evaluation should not be persuasive because there are no specific jobs available in the categories for which she found him to be qualified. This argument is without merit. This Court has never held that, unless a prima facie case of odd-lot disability status is established, an employer or ISIF must prove that there is a specific job in existence in

order to defeat a claim for total or permanent disability.

Thus, we hold that the Commission's findings that Boley did not establish a prima facie case of odd-lot worker status and is therefore not totally and permanently disabled, are supported by substantial and competent evidence. Even though this Court may have reached a different conclusion, the Commission's findings must be sustained on appeal where the decision is supported by substantial and competent, although conflicting, evidence, as is the case here. *Reedy v. M.H. King Co.*, 128 Idaho 896, 899, 920 P.2d 915, 918 (1996).

## IV.

### CONCLUSION

The Commission's findings that Boley did not establish a prima facie case of odd-lot worker status and is therefore not totally and permanently disabled are supported by substantial and competent evidence. Accordingly, the decision of the Commission is affirmed. No attorney fees on appeal. Costs on appeal to respondent.

TROUT, C.J., and JOHNSON, McDEVITT and SCHROEDER, JJ., concur.