975 P.2d 1178

Carmen ZAPATA, Claimant–Appellant,

v.

J.R. SIMPLOT COMPANY, Self–Insured Employer, Defendant–Respondent.

No. 24335

Supreme Court of Idaho,
Twin Falls, November 1998 Term.

March 3, 1999.

Hutchinson, Lammers & Clark, Chtd., Twin Falls, for appellant. Rockne K. Lammers argued.

Daniel A. Miller, Boise, for respondent.

SILAK, Justice

This is a review of a decision of the Industrial Commission (the Commission) in a worker's compensation case. Appellant Carmen Zapata (Zapata) appeals an order of the Commission adopting the findings of fact and conclusions of law of the referee, but reducing the referee's recommended permanent partial disability rating.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

Zapata was born and raised in Texas and considers McAllen, Texas to be her permanent residence. She began working part-time with her parents performing agricultural labor at the age of seven, and eventually obtained employment sorting potatoes for a company in Rupert, Idaho at the age of sixteen. When Zapata was eighteen or nineteen she was employed by respondent J.R. Simplot Company (Simplot) on the potato trim tables at Simplot's plant in Heyburn, Idaho. Zapata worked for Simplot until the early 1980's when she terminated her employment as part of a settlement agreement with Simplot regarding a work-related back injury. Zapata then returned to Texas where she worked for several years in various jobs.

In 1993, Zapata returned to Idaho and went to work for Simplot again. This time Zapata was employed as a machine operator, which involved a variety of miscellaneous duties on the frozen french fry production line in addition to operating machines. In February, 1994, Zapata injured her lower back when she slipped and fell while shoveling spilled french fries. At that time Zapata was 35 years old, was working 37½ hours per week, and was earning $8.50 per hour.

Zapata was diagnosed by an orthopedic surgeon, Dr. Widell, as suffering from a ruptured disc at the L5–S1 level of her spine. In May, 1994, Dr. Widell performed surgery on Zapata completing a hemilaminotomy and discectomy at the L5–S1 level. During her recovery, Zapata returned to work at Simplot in a light-duty capacity as a custodian in the cafeteria.

In September, 1994, Dr. Widell found Zapata to be medically stable and assigned her a permanent physical impairment rating of 10% of the whole person. At the request of Simplot, Zapata was seen by another orthopedist, Dr. Phillips, who agreed with the physical impairment rating of 10% of the whole person for Zapata's back injury and surgery. Both doctors indicated that Zapata could return to her pre-injury job duties as a machine operator or could work on the trim tables. Zapata continued in her cafeteria job until she was laid off by Simplot in February, 1995, at which time she moved back to Texas. In June and July, 1995, Simplot unsuccessfully attempted to contact Zapata to return to work on the trim tables.

### B. Procedural Background

In June, 1995, Zapata filed a worker's compensation complaint seeking continued medical benefits, time-loss benefits, and any disability beyond the 10% permanent partial impairment rating. In February, 1996, a hearing was held before a referee of the Commission. The only issue presented was whether Zapata had any permanent partial disability in excess of the permanent partial impairment. On July 2, 1997, the referee issued his findings of fact, conclusions of law and recommendation, awarding Zapata a 22% permanent partial disability rating inclusive of her 10% rating.

The Commission agreed with the referee's recommended findings of fact and conclusions of law except for the referee's determination of the degree of Zapata's permanent partial disability. In that regard, the Commission reduced the referee's 22% permanent partial disability rating to a 17% rating inclusive of her permanent partial impairment. On July 21, 1997, Zapata filed a motion for reconsideration that the Commission denied.

Zapata appeals from the Commission's Order filed July 2, 1997, modifying the referee's Findings of Fact, Conclusions of Law and Recommendation. Zapata also appeals the Commission's Order on Reconsideration,

filed October 21, 1997 that denied Zapata's Motion to Reconsider.

## II.

## ISSUES ON APPEAL

1. Did the Commission make sufficient findings of fact to allow effective appellate review?

2. Are the Commission's findings of fact supported by substantial and competent evidence?

## III.

## STANDARD OF REVIEW

 When this Court reviews a decision of the Commission, it exercises free review over questions of law. *See Ogden v. Thompson,* 128 Idaho 87, 88, 910 P.2d 759, 760 (1996). With respect to questions of fact, the Court's review is limited to determining whether substantial and competent evidence supports the decision. *See Matter of Wilson,* 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). If the Commission's findings of fact are supported by substantial and competent evidence, they will not be disturbed on appeal. *See Reedy v. M.H. King Co.,* 128 Idaho 896, 920 P.2d 915 (1996). Further, "[t]his Court's review of Commission decisions is limited to a determination of whether the findings of fact are supported by substantial and competent evidence." *Boley v. State,* 130 Idaho 278, 280, 939 P.2d 854, 856 (1997); I.C. § 72-732(1). Substantial evidence is more than a scintilla of proof, but less than a preponderance. *See Boley,* 130 Idaho at 280, 939 P.2d at 856. It is relevant evidence that a reasonable mind might accept to support a conclusion. *Id.*

 In addition, it is within the Commission's province to decide what weight should be given to the facts presented and conclusions drawn from those facts. *See Seamans v. Maaco Auto Painting & Bodyworks,* 128 Idaho 747, 918 P.2d 1192 (1996). The Commission's conclusions on the weight and credibility of the evidence should not be disturbed on appeal unless they are clearly erroneous. *See Wheaton v. Indus. Special*

*Indem. Fund,* 129 Idaho 538, 928 P.2d 42 (1996).

Finally, in reviewing a decision of the Commission, this Court "views all the facts and inferences in the light most favorable to the party who prevailed before the Commission." *Boley,* 130 Idaho at 280, 939 P.2d at 856 (citing *Smith v. J.B. Parson Co.,* 127 Idaho 937, 908 P.2d 1244 (1996)).

## IV.

## ANALYSIS

### A. The Commission Made Adequate Findings To Enable Meaningful Appellate Review.

The Commission adopted the referee's findings of fact as its own, but modified the factual finding as to the disability rating. Zapata argues that the failure of the Commission to articulate the reasons for which it reduced the referee's recommended disability rating from 22% to 17% prevents meaningful appellate review of the Commission's decision.

 However, the Commission need only make findings sufficient to enable meaningful appellate review. *See Davaz v. Priest River Glass Co.,* 125 Idaho 333, 338, 870 P.2d 1292, 1297 (1994). It is not required to make a specific finding with regard to every fact; rather, a finding is only necessary for those facts which support the award. *See Seamans,* 128 Idaho at 751, 918 P.2d at 1196. There is no authority which requires the Commission to express its rationale for reducing the rating. The Commission was not required to make findings to support its reduction of the recommended rating; rather, it only needed to make findings to support the 17% rating.

 In support of its determination that the disability rating was 17%, the Commission approved and adopted the findings of the referee. By so doing, the Commission made findings regarding Zapata's age, educational background, employment history, occupation at the time of injury, nature of the injury, subsequent impairment, work limitations, labor market, and the impact of her injury on her immediate and future ability to

return to work. These findings provide ample basis for meaningful review of the Commission's conclusion that Zapata has a 17% disability rating.

**B. Substantial And Competent Evidence Exists To Support The Commission's Finding That Zapata Has Permanent Partial Disability Totaling 17% Of The Whole Person.**

A determination by the Commission as to the degree of permanent disability resulting from an industrial injury is a factual question. *See Sund v. Gambrel*, 127 Idaho 3, 5, 896 P.2d 329, 331 (1995); *Thom v. Callahan*, 97 Idaho 151, 157, 540 P.2d 1330, 1336 (1975)(observing that the degree of permanent disability is a factual question committed to the particular expertise of the Commission.) As such, it will not be disturbed on appeal when supported by substantial and competent evidence. *See Sund*, 127 Idaho at 5, 896 P.2d at 331.

There is substantial and competent evidence to support the Commission's finding that Zapata has permanent partial disability of 17% of the whole person. As previously mentioned, the Commission made findings with respect to the following: Zapata's age, her educational background, her employment history, her occupation at the time of injury, the nature of the injury, the subsequent impairment, work limitations, the labor market, and the impact of her injury on her immediate and future ability to work. These, and other findings, provide more than a scintilla of proof and are relevant evidence that a reasonable mind might accept to support a conclusion. *See Boley*, 130 Idaho at 280, 939 P.2d at 856. Therefore, we hold that there exists substantial and competent evidence to support the Commission's finding.

Moreover, Zapata presents no authority in support of her argument that the Commission abused its discretion by modifying the disability rating. However, statutory and case law authority contrary to her argument exists. The Court has observed that, "it is the province of the Commission to decide what weight should be given to the facts presented and conclusions drawn from those facts." *Seamans*, 128 Idaho at 751, 918 P.2d

at 1196. In addition, Section 72–506 of the Idaho Code establishes that a finding or award of a referee is not final and binding on the Commission; rather, those findings and awards are not deemed to be the Commission's until they have been approved and confirmed by the Commission. *See* I.C. § 72–506 (2). Further, I.C. § 72–717 establishes that the findings of a referee are only recommendations and must be submitted to the Commission for its review and decision.

## V.

## CONCLUSION

The decision of the Commission is affirmed because the Commission made adequate findings to enable meaningful appellate review, and substantial and competent evidence supports the 17% rating. Costs on appeal are awarded to the respondent, Simplot, pursuant to I.A.R. Rule 40.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem JOHNSON, concur.