30 P.3d 933

Duane BALL, Claimant–Appellant,

v.

DAW FOREST PRODUCTS COMPANY,
Employer, Liberty Northwest Insurance
Corporation, Defendants–Respondents.

No. 26050.

Supreme Court of Idaho,

Coeur d'Alene, April 2001 Term.

June 25, 2001.

Verby Law Office, Sandpoint, for appellant. Steven C. Verby argued.

Clements, Brown & McNichols, P.A., Lewiston, for respondents. Dean Wullenwaber argued.

SCHROEDER, Justice.

Duane Ball (Ball) appeals from the Industrial Commission's (Commission) decision that he suffered a fifty percent disability rather than a total and permanent disability. Ball also claims that the Industrial Commission made several legal and procedural errors.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

At the time of the hearing, Ball was thirty-nine years old and lived in Blanchard, Idaho. Blanchard is a small town located on Highway 41 about thirty-one miles north of Post Falls, thirty-nine miles southwest of Sandpoint and twelve miles south of Priest River.

In 1986 Ball began working at the Old Town Mill owned by DAW Forest Products, about a half-mile south of Priest River. On March 22, 1989, Ball suffered a crush injury and fractures to his left foot. The second,

third, fourth and fifth metatarsals, and the proximal phalanx of his big toe were fractured. He had surgery to pin the second and third metatarsals. Ball developed an infection that required a skin graft, and he experienced several complications that required surgery, including knee surgery. He continued to work at the mill under physical restrictions.

In May of 1993 Ball had an elevated level of alcohol in his urine during a random drug test at the mill. He claimed that his use of alcohol was for self-medication purposes due to pain from his injuries. He was diagnosed as suffering from alcohol dependence, major depression, residual foot, knee, hip and back pain related to the injury, and serious symptoms including suicidal ideation, occasional panic attacks and impairment in social and occupational functioning. He completed inpatient treatment, remained sober and passed random alcohol tests for the next two and one-half years.

In June of 1996 Ball learned that the mill where he was working would be closed. Concerned about his future employment, Ball resumed heavy drinking.

In February 1994 Ball filed a claim for total permanent disability. In September of 1998 Referee Peggy McMahon conducted a hearing regarding Ball's claims. During the hearing Ball suffered a grand mal seizure and was taken by an emergency medical team to the hospital. Ball's attorney requested a continuance. The referee denied the request.

Following the referee's submission of proposed findings of fact and conclusions of law to the Commission, the Commission found that Ball suffered from the disease of chronic alcoholism with alcohol-related seizures. The Commission treated Ball's alcoholism and related seizures as a pertinent non-medical factor in determining the extent of his disability. The Commission found that Ball would have to undergo detoxification and rehabilitation before attempting to search for work. The Commission determined that a search for work might take a long time and probably result in only minimum wage employment, but the Commission found that the search would not be futile.

After considering the pertinent medical and non-medical factors, the Commission found that Ball suffers a disability of fifty percent, inclusive of his permanent physical impairment. The Commission awarded him $44,412.50. Ball moved for reconsideration and asked the Commission to reopen the hearing and/or retain jurisdiction. Ball's motions were denied. Ball appealed.

## II.

### STANDARD OF REVIEW

The determination of whether a worker's compensation claimant is totally and permanently disabled is a question of fact. *Dehlbom v. State*, 129 Idaho 579, 582, 930 P.2d 1021, 1024 (1997), *citing Sund v. Gambrel*, 127 Idaho 3, 5, 896 P.2d 329, 331 (1995). Findings of fact made by the Commission will be upheld on appeal if supported by substantial and competent evidence. *Boley v. State Indus. Special Indem. Fund*, 130 Idaho 278, 280, 939 P.2d 854, 856 (1997), *citing Dehlbom*, 129 Idaho at 582, 930 P.2d at 1024. Substantial evidence is "relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a scintilla, but less than a preponderance." *Evans v. Hara's, Inc.*, 123 Idaho 473, 478, 849 P.2d 934, 939 (1993), *citing Kinney v. Tupperware Co.*, 117 Idaho 765, 770, 792 P.2d 330, 335 (1990). "However, this Court exercises free review over the Commission's conclusions of law." *Davaz v. Priest River Glass Co., Inc.*, 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994).

## III.

### THE COMMISSION DID NOT COMMIT ERRORS OF LAW BY FAILING TO UTILIZE AND/OR ARTICULATE THE LEGAL STANDARDS IT USED IN MAKING ITS DECISIONS.

Ball contends that the Commission failed to identify the burden of proof or rule of law it applied in its findings of fact and conclusions of law. He also argues that the Commission failed to articulate how its factual determinations were reached, *citing Vernon v. Omark Industries*, 113 Idaho 358, 744 P.2d

86 (1987), for the proposition that if the Commission fails to utilize the appropriate legal standard or fails to articulate the rule of law being applied, remand is required.

### A. The Requirements of Establishing Permanent Disability.

Ball's claim for permanent disability revolves around his contention that he cannot drive, that he lives in a remote area and that he has other conditions that prevent him from working.

Idaho Code section 72–423 defines permanent disability as resulting when the "actual or presumed ability to engage in gainful activity is reduced or absent because of permanent impairment and no fundamental or marked change in the future can be reasonably expected."

In evaluating a permanent disability claim the Commission is to assign a claimant an evaluation rating which is an "appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent impairment and by pertinent non-medical factors as provided in section 72–430, Idaho Code." I.C. § 72–425.[1]

■ As explained by this Court in *Boley, supra*, there are two methods by which a claimant may establish a permanent disability.

First, a claimant may prove a total and permanent disability if his or her medical impairment together with the nonmedical factors total 100%. If the Commission finds that a claimant has met his or her burden of proving 100% disability via the claimant's medical impairment and pertinent nonmedical factors, there is no need for the Commission to continue. The total and permanent disability has been established at that stage. *See Hegel v. Kuhlman Bros., Inc.,* 115 Idaho 855, 857, 771 P.2d 519, 521 (1989).

. . .

The second method by which a claimant may prove total and permanent disability

is for the claimant to demonstrate that he fits within the definition of an odd-lot worker. The odd-lot doctrine comes into play when the claimant has proved something less than 100% disability. *Id.* at 858, 771 P.2d at 522. The odd-lot category exists for those persons who are so injured as to be unable to perform services other than "those which are so limited in quality, dependability or quality that a reasonable stable market for them does not exist." *Dehlbom,* 930 P.2d at 1024.

*Boley,* 130 Idaho at 281, 939 P.2d at 857.

### B. The Appropriate Legal Standard And Burden of Proof

■ The legal standard followed by the Commission in evaluating a claimant under either of the two above methods is based on an appraisal of the claimant's probable future ability to engage in gainful activity as it is affected by medical and non-medical factors. *See* I.C. § 72–425; *Bennett v. Clark Hereford Ranch,* 106 Idaho 438, 441, 680 P.2d 539, 542 (1984). Ball argues that because the Commission did not declare what burden he was required to satisfy, the case should be remanded for rehearing. As discussed above, there are two ways Ball could have established permanent disability: (1) by proving 100% disability, or (2) via the odd-lot doctrine. Under either of these methods the claimant must prove disability in excess of his impairment rating. *Bennett,* 106 Idaho at 442, 680 P.2d at 543.

■ It appears that this Court has not specifically articulated the burden of proof in the area of proving disability in excess of impairment, only that that is what the claimant must prove. However, the Court has stated that a claimant has the burden of proving all facts essential to recovery by a preponderance of the evidence. Although this burden has been discussed in the context of a claimant proving his accident arose out of his employment, that is, in the causation stage of the proceedings, there is no reason for a different burden in the area of concern

---

1. I.C. § 72–430 requires the Commission to consider factors such as the nature of the disablement, the cumulative effect of multiple injuries, the occupation of the employee, the age of the employee at the time of the accident, diminished ability of the employee to compete in an open labor market within a reasonable geographic area considering the personal and economic circumstances of the employee and other factors as the Commission may deem relevant.

in this case. *See Evans v. Hara's, Inc.,* 123 Idaho 473, 479, 849 P.2d 934, 940 (1993).

Ball claims that because the Commission failed to articulate what legal standard and burden of proof he was subject to, the case must be remanded and reheard, relying on the Court's holding in *Vernon v. Omark Industries, supra. Vernon* dealt with a case where the Commission found that the claimant did not sustain her burden of proof in showing that her injury arose out of and in the course of employment. In *Vernon,* the Court noted that although the Commission wrote extensively on the facts of the case they did "not explain the rule of law under which they were operating. They merely stated that the claimant did not meet her burden of proof." *Vernon,* 113 Idaho at 359, 744 P.2d at 87. The problem for the Court in *Vernon* was that it could not determine how the Commission reached its conclusions, so the case was remanded for the Commission to clarify the rationale it had used. Only in this manner could the Court determine whether the correct legal standard governing the available discretionary alternatives was applied. *Id.,* 113 Idaho at 360, 744 P.2d at 88. The correct legal standard being that a "claimant's proof must establish a probable, not merely a possible, connection to the cause and effect to support a contention that a compensable accident occurred." *Id., citing Callantine v. Blue Ribbon Linen Supply,* 103 Idaho 734, 653 P.2d 455 (1982).[2] "With this rule of law in mind, the Commission must then examine the relevant facts to determine whether the claimant has sustained her burden of proof." *Id.* In *Vernon* the Court clarified that whether a particular injury arose out of and in the course of employment is a question of fact, and when the Commission is faced with factual conflicts, the Commission must explain and re-

solve those conflicts based on the evidence it finds to be more credible. *Id.*

*Vernon* was not remanded because the Commission did not articulate exactly the burden of proof. The case was remanded because the Court could not ascertain how the Commission reached its decision, or, how the claimant did not meet her burden of proof. In this case the Commission explained in detail what evidence it considered in reaching its findings and conclusions. The Commission found that the effects of Ball's industrial accident aggravated his pre-existing knee condition and his injury was therefore compensable. The Commission found that Ball had a three percent whole person impairment due to his knee condition and that Ball's injury/impairment was more probably than not caused by his accident that arose out of and in the course of employment. The Commission then went on to discuss the issue of Ball's permanent disability, stating "[t]he *burden of proof* is upon Claimant to prove the existence of any disability in excess of impairment." (Emphasis added). The Commission considered appropriate non-medical factors including Ball's chronic alcoholism and alcohol-related seizures as pertinent factors in determining the extent of his disability. *See Roberts,* 116 Idaho at 213, 775 P.2d at 105 (alcoholism is a pertinent non-medical factor in determining disability).

█ Ball argues that the Commission failed to articulate how his alcoholism was related to the injury; however, alcoholism is a *non*-medical factor—non-medical factors are not part of the physical impairment but are other factors that the Commission is required to consider in determining a claimant's disability pursuant to I.C. § 72-430 and *Roberts, supra.*

---

2. Several other cases have had similar holdings. For example: "[a]n employee suffering from an injury or occupational disease carries the burden of proof that, to a reasonable degree of medical probability, the injury resulted from a work-related accident or the occupational disease arose during the course of employment." *Buffington v. Potlatch Corp.,* 125 Idaho 837, 839, 875 P.2d 934, 936 (1994), *citing Roberts v. Kit Manufacturing Co., Inc.,* 124 Idaho 946, 947, 866 P.2d 969, 970 (1993); "[a] worker's compensation claimant has the burden of persuasion in proving, by a preponderance of the evidence, all the facts essential to recovery." *Evans v. Hara's, Inc.,* 123 Idaho 473, 479, 849 P.2d 934, 940 (1993), *citing Madron v. Green Giant Co.,* 94 Idaho 747, 749, 497 P.2d 1048, 1050 (1972). A claimant's "proof must establish a probable, not merely a possible, connection between cause and effect to support his contention that· he suffered a compensable accident." *Id. citing Callantine v. Blue Ribbon Linen Supply,* 103 Idaho 734, 735, 653 P.2d 455, 456 (1982).

 Ball also argues that the Commission did not articulate how it arrived at the fifty percent impairment rating. However, this Court has repeatedly held that the "Commission need not 'make detailed findings on every fragment of evidence presented to it.'" *Davaz*, 125 Idaho at 338, 870 P.2d at 1297, *citing Swanson v. Kraft, Inc.*, 116 Idaho 315, 319, 775 P.2d 629, 633 (1989), *quoting Madron v. Green Giant Co.*, 94 Idaho 747, 751, 497 P.2d 1048, 1052 (1972). The record reflects that the Commission found Ball's physical impairments arose out of and in the course of his employment. Based on expert opinion the Commission gave Ball a three percent impairment rating. In regard to Ball's claim for total and permanent disability, the record reflects that the Commission considered the expert opinion presented at Ball's hearing regarding his alcoholism and seizures and determined that after Ball underwent rehabilitation he would be employable. Nevertheless, the Commission found that pertinent non-medical factors in conjunction with Ball's physical impairment rendered a fifty percent impairment rating. Such a finding is in accord with this Court's past holdings that "whether a claimant has suffered permanent disability greater than medical impairment is not whether the claimant is able to return to work at some employment, but rather whether the physical impairment, taken in conjunction with non-medical factors, has reduced the claimant's capacity for gainful activity." *Bennett*, 106 Idaho at 441, 680 P.2d at 542. The Commission's findings are sufficient for appellant review. *See Davaz*, 125 Idaho at 338, 870 P.2d at 1297.

 In this case it is clear that if the Court were to find that the Commission should delineate, specifically within its findings, under what burden of proof a claimant is acting, the Court would simply be remanding the case in order for the Commission to give a one-phrase explanation of the burden it applied. Such a conclusion is unwarranted given the fact that the Commission's findings are clearly supported by substantial and competent evidence.

## IV.

## THE DENIAL OF BALL'S MOTION FOR A CONTINUANCE AT THE TIME OF THE HEARING HAS NOT BEEN PRESERVED FOR APPEAL.

 Prior to the conclusion of the hearing before the referee, Ball suffered a grand mal seizure and had to be removed for emergency medical care. His attorney requested a continuance. The referee denied the request. Witnesses were called in Ball's absence and evidence was presented while he was being treated at the hospital. He contends that although the decision to grant or deny a continuance is discretionary, a court may not refuse a continuance where the ends of justice clearly require it to be granted. *See Pauley v. Salmon River Lumber Co.*, 74 Idaho 483, 489, 264 P.2d 466, 469 (1953). Considering what he had at stake, Ball maintains that the referee's denial of a continuance was unjust and an abuse of discretion.

 Certainly, the denial of a request for a continuance under the circumstances of this case is questionable. However, Ball failed to preserve this issue for appeal. The Court has held that interlocutory orders issued by a referee that are not approved or adopted by the Commission are not final decisions or orders and are thus not appealable. *Peterson v. Farmore Pump & Irrigation*, 119 Idaho 969, 971, 812 P.2d 276, 278 (1991). However, I.C. § 72–506(2) states: "Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be in the finding, order, decision or award of the commission." If the referee's findings, conclusions, and proposed orders refer to the motion and/or interlocutory order at issue and the Commission subsequently adopts the same, the interlocutory order is deemed to be an order of the Commission and is legitimately subject to appeal. *See Dehlbom*, 129 Idaho at 581, 930 P.2d at 1023; *Cantu v. J.R. Simplot Co.*, 121 Idaho 585, 588, 826 P.2d 1297, 1300 (1992).

Ball's grand mal seizure was referred to in the referee's findings and reiterated in the

Commission's findings, but the referee's denial of the motion to continue was not mentioned. Although the Commission had the transcript of the proceedings that contains argument regarding the request for a continuance, the findings and conclusions do not refer to the motion for continuance and its subsequent denial. Consequently, the interlocutory order of the referee denying the motion for a continuance did not become a final appealable order of the Commission.

Ball had the option to move for reconsideration of this issue by the Commission after it issued its findings, conclusions and order affirming the recommendations of the referee.

> I.C. § 72–718 provides that 'within twenty (20) days from the date of filing the [Commission's] decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative.' This provides a procedure by which a party may seek a ruling by the Commission on a matter decided by a referee that was not confirmed or approved by the Commission in its approval, confirmation, and adoption of the referee's findings and conclusions.

*Wheaton v. Indus. Special Indem. Fund,* 129 Idaho 538, 540, 928 P.2d 42, 44 (1996).

Ball moved for reconsideration on various issues, but he did not address the motion for continuance or its denial. The issue has not been preserved for appeal.

## V.

## THE COMMISSION DID NOT ABUSE ITS DISCRETION BY REFUSING TO REOPEN THE HEARING AND/OR RETAIN JURISDICTION.

Ball argues that the Commission is required to make a full inquiry into matters material to a fair and just determination of a controversy. Because the hearing was not continued and a decision was reached, Ball maintains that the Commission should have retained jurisdiction and investigated his claim so it could equitably compensate him. *See* I.C. § 72–506(1). Ball contends that because uncontested testimony at the hearing established that he is employable only if he can drive and because the Commission found his prognosis to be poor, i.e., that it was reasonable that he should not be driving, the Commission should have retained jurisdiction to investigate the reasonableness and probability of that possibility.

"It is prudent practice for the Industrial Commission to retain jurisdiction in cases where there is a probability that medical factors will produce additional physical impairment in the future." *Horton v. Garrett Freightlines, Inc.,* 106 Idaho 895, 897, 684 P.2d 297, 298 (1984). "Neither physical impairment nor disability is permanent until the point when no further deterioration or change can be expected." *Reynolds v. Browning Ferris Industries,* 113 Idaho 965, 968, 751 P.2d 113, 116 (1988). The Court has held:

> [i]n a situation where the claimant's impairment is progressive and, therefore, cannot adequately be determined for purposes of establishing a permanent disability rating, it is entirely appropriate for the Industrial Commission to retain jurisdiction until such time as the claimant's condition is nonprogressive. However, under I.C. § 72–425, the Commission is allowed to make an appraisal of an 'injured employee's present and probable future ability to engage in gainful activity' and base its evaluation rating upon that appraisal. *See Graybill v. Swift & Co.,* 115 Idaho 293, 766 P.2d 763 (1988).

*Hodges v. W.B. Savage Ranches,* 116 Idaho 679, 682, 778 P.2d 801, 804 (1989).

The Court noted in *Reynolds* that although it may be appropriate for the Commission to retain jurisdiction over a case, the Commission can also utilize I.C. § 72–425 in order to determine a claimant's fixed disability rating. *Reynolds,* 113 Idaho at 968, 751 P.2d at 116. I.C. § 72–425 provides in pertinent part that an evaluation rating of permanent disability "is an appraisal of the injured employee's present and probable future ability to engage in gainful activity." "The Commission may thus estimate a claimant's probable future disability and reduce it to present value for the purpose of making a final award which takes into account probable future changes in impairment." *Reynolds,* 113 Idaho at 968, 751 P.2d at 116.

The Commission properly considered Ball's alcoholism as a pertinent non-medical factor in determining his disability. *See Roberts v. Asgrow Seed Co.*, 116 Idaho 209, 775 P.2d 101 (1989). Because the Commission found the seizures were due to alcohol withdrawal, the seizures were also considered as a pertinent non-medical factor. Although the Commission did state that Ball's prognosis was poor, it did not find that Ball's inability to drive was permanent. That is, once Ball was alcohol and seizure free for a reasonable period of time, the Commission found Ball could drive for commuting purposes.

In arriving at its decision in this case the Commission took into account Ball's alcoholism and related seizures and how, over an extended period of time, those factors would affect his ability to find suitable employment. The Commission made an appraisal of Ball's present and probable future ability to engage in gainful activity, which was supported by evidence in the record. *See Reynolds, supra;* I.C. § 72–425. The Commission did not abuse its discretion in entering a final award or in deciding not to retain jurisdiction.

## VI.

## CONCLUSION

The decision of the Industrial Commission is affirmed. The respondent is awarded costs.

Chief Justice TROUT, Justices WALTERS, KIDWELL, and EISMANN concur.